IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ROBERTO SANTIAGO MACIAS JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

2:25-CV-280-Z
(2:20-CR-051-Z-BR (1))

**MEMORANDUM OPINION AND ORDER**

Before the Court is Respondent United States of America's Motion to Dismiss Petitioner Roberto Santiago Macias Jr.'s *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255. ECF No. 7. For the reasons stated below, the Motion is **GRANTED**.

**BACKGROUND**

The record in Macias's underlying criminal case, No. 2:20-CR-051-Z-BR (1) (the "CR"), reflects the following:

On February 10, 2021, Macias pleaded guilty to one count of being a Convicted Felon in Possession of a Firearm in violation of 18 U.S.C. Sections 922(g)(1) & 924(a)(2). CR ECF No. 33. On June 17, 2021, Macias was sentenced to 120 months in prison, followed by three years of supervised release. CR ECF No. 41. Judgment was entered on June 18, 2021. CR ECF No. 45. Macias did not appeal.

Macias's *pro se* Motion to Vacate was received by the Court on December 30, 2025. CR ECF No. 48. In his motion, he claims that changes in law occurring after his conviction should be applied to vacate, set aside or correct his sentence. *See* ECF No. 4. The government filed a Motion to Dismiss Macias's request for relief as time barred. ECF No. 7. Macias did not

respond to the government's motion. After a review of the relevant pleadings and law, the Court concludes that the motion to dismiss should be granted because Macias's Section 2255 motion is barred by limitations.

LEGAL ANALYSIS

**I. Statute of Limitations**

A Section 2255 motion is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Macias alleges that the U.S. Supreme Court decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), created a new rule of constitutional law that applies retroactively under Section 2255(f)(3). Section 2255(f)(3) applies only if the constitutional right has been (1) "newly recognized" by the Supreme Court and (2) made retroactively applicable to cases on collateral review. *Dodd v. United States*, 545 U.S. 353, 358 (2005) (quoting 28 U.S.C. § 2253(f)(3)). To decide "whether the Supreme Court initially recognized the asserted right, and thus whether the [Section] 2255(f)(3) clock has been reset," the court must first "determine if a case announces a 'new rule' that may be asserted retroactively on collateral review." *United States v. London*, 937 F.3d 502, 506 (5th Cir. 2019) (citations omitted). "'[A] case announces a new rule when it breaks new ground or imposes a

2

new obligation on the States or the Federal Government.'" *Id.* at 507 (quoting *Teague v. Lane,* 489 U.S. 288, 301 (1989)).

Courts uniformly hold that *Bruen* does not reset the statute of limitations under Section 2255(f)(3) because "*Bruen* did not announce a new rule that may be asserted retroactively on collateral review." *Davis v. United States,* No. 3:23-CV-2104, 2024 WL 2854268, at *2 (N.D. Tex. June 5, 2024); *see also Najar v. Cox,* No. 2:23-CV-015, 2023 WL 11857604, at *8 (S.D. Tex. Mar. 16, 2023) (concluding "*Bruen* did not recognize a new right" and no court has held that it applies retroactively to cases on collateral review), *R. & R. adopted,* No. 2:23-CV-015, 2023 WL 11857650 (S.D. Tex. Apr. 12, 2023); *Contreras-Orosco v. United States,* No. 3:17-CR-258-M-1, 2024 WL 4341551, at *2 (N.D. Tex. Sept. 27, 2024) (same). Therefore, Macias's claims are not timely under Section 2255(f)(3).[1]

Because Macias does not allege any facts that trigger a starting date under Sections 2255(f)(2)-(4), the limitations period began to run when his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Macias did not appeal his conviction, so for his Section 2255 motion to have been timely under Section 2255(f)(1), he must have filed the motion no later than July 5, 2022.[2] *See United States v. Gentry,* 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of the direct appeal process). Pursuant to the prison mailbox rule, Macias filed his Section 2255 motion

---

[1] Even if *Bruen* did trigger Section 2255(f)(3), Macias's motion was filed more than three years after *Bruen* was issued. *See Davis,* 2024 WL 2854268 at *1 (explaining that a Section 2255 motion filed 15 months after *Bruen* was "not timely in any event"). In addition, *Bruen* did not render Section 922(g)(1) unconstitutional on its face, *United States v. Diaz,* 116 F.4th 458, 472 (5th Cir. 2024), or as applied to felons with prior felony convictions for burglary and/or robbery, such as Macias. *See United States v. Schnur,* 132 F.4th 863, 870–71 (5th Cir. 2025).

[2] Macias's conviction became final on July 2, 2021, after expiration of his deadline to file a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A) (a notice of appeal must be filed within 14 days of the entry of judgment). Because July 2, 2022, fell on a Sunday, followed immediately by a federal holiday, his limitations period expired on the next business day, July 5, 2022.

on December 22, 2025, at the earliest, so his motion is untimely under Section 2255(f)(1). *See* ECF No. 2 at 9.

In addition to his *Bruen* claim, Macias also seeks relief under Amendments 812 and 829 to the U.S. Sentencing Guidelines. The Court instructed Macias to pursue Amendment 812 relief via separate motion. He filed such motion on March 17, 2026, which has already been considered and ruled upon. CR ECF Nos. 49, 51. Amendment 829 was not made retroactive by the Sentencing Commission. *See* U.S.S.G. §§ 1B1.10(d), 5H1.1; *see also United States v. Hackett*, No. 4:11 CR 101, 2025 WL 388919, at *1 (N.D. Ohio Feb. 4, 2025). Macias's Section 2255 motion is clearly outside the one-year limitations period.

### II. Equitable Tolling.

The statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). A movant is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

4

Macias has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his Section 2255 motion. He argues only that he "had no knowledge of law" and that the laws upon which he seeks relief were passed after his conviction, neither of which entitle Macias to equitable tolling. ECF No. 4 at 10, 12. Macias's *pro se* status, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). On this record, Macias has not met his burden to establish that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

CONCLUSION

For the foregoing reasons, Respondent's Motion (ECF No. 7) is **GRANTED** and Macias's motion to vacate sentence under 28 U.S.C. Section 2255 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the Rules Governing § 2255 Proceedings.

**SO ORDERED.**

May 27 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

5